**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-35-RJC-DCK**

| | | |
|---|---|---|
| **THE TRAVELERS INDEMNITY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **CROWN CAB COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Defendant's Motion To Compel Discovery" (Document No. 12). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and the motion is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

The Travelers Indemnity Company ("Plaintiff") filed its "Complaint For Declaratory Relief And Breach Of Contract" (Document No. 1) ("Complaint") against Crown Cab Company, Inc. ("Defendant") on January 27, 2010. The Complaint, *inter alia*, seeks declaratory judgment as to the proper classification of Defendant's drivers, as well as damages for Defendant's alleged breach of contract relating to workers' compensation insurance provided by Plaintiff to Defendant from February 21, 2009 to February 21, 2010, under policy number 0-115N689-09 ("the policy"). Defendant filed its "Answer" (Document No. 8) on February 24, 2010, asserting several affirmative defenses including: failure to mitigate damages, waiver, acquiescence/ratification, estoppel/laches, and accord/satisfaction. A "Pretrial Order And Case Management Plan" (Document No. 11) was filed by the Court on June 14, 2010, and provides in part

> Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failure to do so may result in appropriate sanctions.

(Document No. 11, ¶ F.).

The motion to compel and supporting documents state, and it appears undisputed, that: Defendant served its "...First Set of Interrogatories And First Set Of Requests For Production Of Documents..." on or about April 8, 2010, and Plaintiff responded on or about May 11, 2010; on or about July 26, 2010, Defendant's counsel sent a letter to Plaintiff's counsel in which he requested a conference regarding Plaintiff's responses and described the responses Defendant considered to be inadequate or incomplete; and on August 2, 2010, counsel for both parties had a telephone conference to discuss the discovery issues in which Plaintiff's counsel represented that he would discuss the matter with his client. (Document Nos. 12-2, 12-3, 12-5). According to Defendant's counsel, Plaintiff never supplemented its discovery responses, or otherwise responded to Defendant's requests to supplement – including counsel's phone call and letter dated August 2, 2010 and counsel's letters dated August 20, 2010 and September 1, 2010. (Document Nos. 12-5, 12-6, 12-7).

On September 15, 2010, the pending "...Motion To Compel" was filed by Defendant. The motion has now been fully briefed and is ripe for disposition.

## STANDARD OF REVIEW

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of

2

persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Whether to grant or deny a motion to compel is generally left within the District Court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Following a proper motion to compel, the Federal Rules allow for sanctions if a party has failed to make disclosures or cooperate in discovery.

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A) 2010.

**DISCUSSION**

The Complaint describes that an insured's premium for workers' compensation policies is based on factors including the number of employees, the classification of employees, and wages paid to employees. (Document No. 1, ¶ 6). The Complaint further describes that a "[p]remium for each year is initially estimated and payments are made based on the estimate" and that later "an audit is performed to 'true up' the policy" and thereby verify factors and calculate the final premium. (Document No. 1, ¶ 7). Plaintiff contends in this lawsuit that it erred in its premium(s) charged to Defendant in past years, and initially for the 2009-2010 policy, when it treated Defendant's drivers as independent contractors rather than employees. (Document No. 15, pp. 1-2). Plaintiff now argues that "most if not all of the drivers employed by Crown are employees, and not independent contractors" and therefore, Defendant owes Plaintiff "in the amount of at least $121,819.00." (Document No. 1, ¶¶ 9, 19).

Defendant denies that its drivers are employees and disputes the propriety of Plaintiff's latest audit. (Document No. 13, p.2). By the instant motion, Defendant seeks to compel Plaintiff to respond, or respond more fully, to Interrogatory Nos. 4-5, 7-8, 13, 15-16, and 19; as well as to Requests For Production Nos. 2-3, 5-6, 11-15, and 19-25. (Document No. 13, pp. 2-3; <u>see also</u>, Document Nos. 12-2, 12-4). Defendant argues that the information sought is relevant and discoverable pursuant to Fed.R.Civ.P. 26(b)(1), and is narrowly tailored to issues raised in the parties' pleadings. (Document No. 13, p.3). Specifically, Defendant asserts that the information it seeks is relevant to its affirmative defenses, including waiver and estoppel. Defendant also contends that it is entitled to attorney's fees incurred in bringing the motion to compel. <u>Id.</u> at p.6-7.

4

Plaintiff's opposition to the motion asserts that the only issue is the legal question of employment status of Defendant's drivers, and therefore "[a]udit procedures, prior policy information and even information regarding other cab companies have no effect on the issue whether Crown's drivers are employees of Crown under N.C.G.S. 97-2." (Document No. 15, pp. 4-5). Based on its position, Plaintiff has thus far declined to provide responsive information prior to the 2009-2010 policy year, or regarding its audit and classification procedures, or regarding classification of similarly situated drivers of other companies it insures. (Document Nos. 12-3, 15).

**CONCLUSION**

Construing the rules of discovery broadly and liberally as one must, the undersigned is persuaded by Defendant's arguments and finds that the information it seeks appears to be nonprivileged and relevant. The undersigned observes that "information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Here, the information sought is reasonably calculated to lead to the discovery of admissible evidence and is also reasonably narrowed as far as the categories and time periods of the information sought. Finally, the undersigned notes that the exhibits and affidavit presented by Defendant suggest that it made significant good faith efforts to resolve this dispute without the Court's intervention, but that Plaintiff failed to reciprocate, or even respond to those efforts, contrary to the dictates of the "Pretrial Order And Case Management Plan" (Document No. 11).

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel Discovery" (Document No. 12) is **GRANTED**. Plaintiff shall respond fully to Defendant's interrogatories and requests for production on or before **November 2, 2010**.

**IT IS FURTHER ORDERED** that Plaintiff shall **SHOW CAUSE,** on or before **November**

**2, 2010,** why Defendant's request for reasonable expenses and attorney's fees related to its motion to compel should be denied.

**SO ORDERED**.

Signed: October 19, 2010

David C. Keesler
United States Magistrate Judge