**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:10-CV-35-RJC-DCK**

**THE TRAVELERS INDEMNITY COMPANY,** )
)
**Plaintiff,** )
)
**v.** ) **ORDER**
)
**CROWN CAB COMPANY, INC.,** )
)
**Defendant.** )
)

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion for Reconsideration of Order of October 19, 2010 and Memorandum of Points and Authorities in Support" (Document No. 21). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and the motion is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

## BACKGROUND

The Travelers Indemnity Company ("Plaintiff") filed its "Complaint For Declaratory Relief And Breach Of Contract" (Document No. 1) ("Complaint") against Crown Cab Company, Inc. ("Defendant") on January 27, 2010. The Complaint, *inter alia*, seeks declaratory judgment as to the proper classification of Defendant's drivers, as well as damages for Defendant's alleged breach of contract relating to workers' compensation insurance provided by Plaintiff to Defendant from February 21, 2009 to February 21, 2010, under policy number 0-115N689-09 ("the policy"). Defendant filed its "Answer" (Document No. 8) on February 24, 2010, asserting several affirmative defenses including: failure to mitigate damages, waiver, acquiescence/ratification, estoppel/laches, and accord/satisfaction. A "Pretrial Order And Case Management Plan" (Document No. 11) was

filed by the Court on June 14, 2010, and provides in part

> Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failure to do so may result in appropriate sanctions.

(Document No. 11, ¶ F.).

On September 15, 2010, "Defendant's Motion To Compel Discovery" (Document No. 12) was filed, seeking to compel Plaintiff to provide complete answers to Defendant's "...First Set of Interrogatories And First Set Of Requests For Production Of Documents...." After careful consideration of both parties' arguments on the motion, the Court granted the motion to compel on October 19, 2010, and ordered Plaintiff to respond fully to Defendant's interrogatories and requests for production on or before November 2, 2010. (Document No. 19).

On November 2, 2010, the deadline for Plaintiff's full responses, Plaintiff filed the now pending "...Motion for Reconsideration..." (Document No. 21) of the Court's Order granting the motion to compel. The motion for reconsideration is now ripe for review.

## DISCUSSION

Plaintiff's motion for reconsideration specifically asks the Court to reconsider its previous Order "as it pertains solely to interrogatory 15 and Requests for Production 19-21." (Document No. 21). These discovery requests seek the following information:

> 15. Identify all businesses operating Passenger Vehicles for Hire, other than Crown Cab, for which you provided worker's compensation insurance within the last five (5) years.
>
> 19. All audits you, or someone acting on your behalf or at your direction, performed on any business that operates Passenger Vehicles for Hire and that is or was an insured under a policy of worker's compensation insurance issued by you, for the

past five (5) years.

20. The results of any audit produced in response to the preceding request.

21. The audit worksheets used by the auditor(s) to perform the audit(s) referenced in Document Request No. 19.

(Document No. 12-2, pp.7, 13).

Plaintiff's pending motion raises two primary arguments for why the Court's previous Order to respond fully to Defendant's discovery requests should be reconsidered: "(1) burden and impracticality and (2) privacy issues." (Document No. 21, p.3). "Plaintiff's Opposition to Defendant's Motion to Compel" (Document No. 15) failed to raise either of these concerns. Moreover, the instant motion offers no explanation for why these apparent impediments to production were not mentioned when this issue was originally before the Court. Plaintiff's previous opposition to the motion to compel asserted that the only issue in this lawsuit is the legal question of employment status of Defendant's drivers, and therefore "[a]udit procedures, prior policy information and even information regarding other cab companies have no effect on the issue whether Crown's drivers are employees of Crown under N.C.G.S. 97-2." (Document No. 15, pp. 4-5).

Now Plaintiff contends that it "has no method to determine if it insures other passenger vehicle for hire companies" and that if it does insure such companies, any audit information would allow Defendant "access to confidential and proprietary information of its competitors." (Document No. 21, p.3). The Court recognizes these as legitimate concerns and is perplexed as to why they were not previously addressed by Plaintiff.

Despite Plaintiff's arguments and affidavits, the undersigned is not convinced that sufficient efforts have been made to respond to Interrogatory No. 15. It is difficult to accept that a sophisticated company such as Plaintiff, "has no method" to determine what, if any, other Passenger

Vehicles for Hire companies it has insured in the last five years, or that such information is unduly burdensome to produce. Furthermore, to the extent Plaintiff possesses audit information that is responsive to Request for Production of Documents Nos. 19-21, and those audits include confidential and proprietary information, the Court expects that the parties should be able to reach agreement on an appropriate protective order.

**CONCLUSION**

In its previous Order granting the motion to compel, the Court noted that it construes "the rules of discovery broadly and liberally as one must" and that it was "persuaded by Defendant's arguments . . . that the information it seeks appears to be nonprivileged and relevant." (Document No. 19, p.5). The undersigned observed that "information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. citing Fed.R.Civ.P. 26(b)(1). After careful consideration of the current motion and Plaintiff's *new* arguments against production, the undersigned is not persuaded that the previous Order was in error. As such, the motion will be denied, and Plaintiff is again instructed to respond fully to Defendant's interrogatories and requests for production.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion for Reconsideration of Order of October 19, 2010 and Memorandum of Points and Authorities in Support" (Document No. 21) is **DENIED**. Plaintiff shall respond fully to Defendant's interrogatories and requests for production as soon as practicable, but not later than **January 3, 2010**.

Signed: December 3, 2010

David C. Keesler
United States Magistrate Judge