**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:10-cv-35 RJC-DCK**

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,           ) | |
|              ) | |
|              ) | |
|       **Plaintiff,**     ) | |
|              ) | **ORDER** |
|   **vs.**           ) | |
|              ) | |
| CROWN CAB COMPANY, INC.,   ) | |
|              ) | |
|       **Defendant.**    ) | |
|              ) | |

**THIS MATTER** comes before the Court on Defendant Crown Cab Company, Inc.'s timely filed Renewed Motion for Judgment as a Matter of Law (Doc. No. 63) and its Motion to Stay Pending Disposition of Defendant's Rule 50(b) Motion (Doc. No. 66). For the following reasons, the Renewed Motion for Judgment as a Matter of Law is **DENIED**, and the Motion to Stay is therefore **DENIED as moot.**

## I.    BACKGROUND

This matter was tried before a jury and this Court, and on May 25, 2011, the jury returned a verdict for the Plaintiff and awarded damages of $83,815.00. Defendant moves this Court to enter judgment as a matter of law that all of its drivers, including both taxi and contract drivers, were independent contractors during the policy period at issue in this case. It contends that the evidence at trial was not sufficient for the jury to conclude that any of Crown's drivers were in fact employees.

## II.    STANDARD OF REVIEW

Rule 50(b) allows an aggrieved party to file a renewed motion for judgment as a matter

of law. Fed. R. Civ. P. 50(b). The rule provides that the Court may (1) allow judgment on the verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law in favor of the moving party. A jury verdict will withstand a Rule 50(b) motion unless the nonmovant presented no substantial evidence to support the jury verdict Stamathis v. Flying J, Inc., 389 F.3d 429, 436 (4th Cir. 2004) (citing Mattison v. Dallas Carrier Corp., 947 F.2d 95, 100 (4th Cir. 1991). The amount of damages is left to the discretion of the jury. It will stand unless it is not supported by substantial evidence, is against the clear weight of the evidence, is based upon evidence that is false, or will result in a miscarriage of justice. First Union Commercial Corp. V. GATX Capital Corp., 411 F.3d 551, 556 (4th Cir. 2001), (citing Barber v. Whirlpool Corp., 34 F.3d 1268, 1279 (4th Cir. 1994); Compton v. Wyle Labs., 674 F.2d 206, 209 (4th Cir.1982) (holding that "[t]he assessment of damages is entrusted to the jury, and is not subject to review unless unconscionable or motivated by extreme prejudice").

A Rule 50 motion for judgment as a matter of law has the same standard as a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In considering Defendant's motion, the Court must therefore view the evidence in the light most favorable to Plaintiff and draw all reasonable inferences in Plaintiff's favor. Dennis v. Columbia Collerton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). Here, the Court may not set aside the jury's verdict unless a reasonable jury could only rule in favor of Crown Cab. See Sales v. Grant, 158 F.3d 768, 775 (4th Cir. 1998).

III. DISCUSSION

For the reasons stated at trial, this Court finds that there was substantial evidence, especially when taken in the light most favorable to Plaintiff, from which a reasonable jury could conclude that Crown's drivers were employees when performing contract work. As this Court

articulated in its summary judgment order and throughout the trial, the Hayes factors are not

exclusive and no one factor is dispositive; thus, Crown Cab's argument that the Hayes factors

should have been weighed differently is unpersuasive.  Even if this Court were to differ with the

jury's conclusions, Rule 50(b) does not allow it to usurp the role of the jury by weighing the

evidence itself.  See, e.g., Dennis v. Columbia Colleton Medical Center, Inc., 290 F.3d 639, 645

(4th Cir. 2002).  Similarly, the jury's award of $83,815 in compensatory damages is supported

by the evidence.  The evidence established that Crown Cab would owe a total of $125,772 in

premiums if all the drivers were employees.  The jury ultimately awarded less than this amount,

which is consistent with its finding that only the drivers who performed contract work were

employees.  This conclusion is not against the clear weight of the evidence or based upon

evidence that is false or will result in a miscarriage of justice.  See First Union Commercial

Corp., 411 F.3d at 556.  Accordingly, this Court finds that the jury's verdict should be upheld,

and Defendant's motion for judgment as a matter of law is therefore DENIED.  As a result,

Defendant's Motion for Stay pending this Court's ruling on its Rule 50(b) motion is moot.

**IT IS, THEREFORE, ORDERED THAT:**

1. Defendant's Renewed Motion for Judgment as a Matter of Law (Doc. No. 63) is **DENIED.**

2. Defendant's Motion for Stay (Doc. No. 66) is **DENIED as moot.**

Signed: July 19, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

3